Jake Tolbert v. The State.

No. 13776.   Delivered November 26, 1930.

Reported in 32 S. W. (2d) 843.

The opinion states the case.

*John B. McNamara* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, three years in the penitentiary.

We find in the record only one bill of exception. In same it is claimed that the court erred in telling the jury that neither intoxication nor temporary insanity produced by the voluntary recent use of ardent spirits shall constitute any excuse for the commission of crime, but that evidence of temporary insanity produced by the use of ardent spirits might be introduced by the defendant in mitigation of the offense for which he is being tried. It appears that when this part of the charge was given appellant excepted to same upon the ground that his theory of the defense was that the shooting was accidental and was not the result of recent intoxication. We have carefully examined the facts with a view of ascertaining what the testimony shows in this regard. Appellant testified on the trial, "I was pretty well intoxicated that night. * * * While I was out there at Rich Field, I had something to drink. I had whisky to drink out there, and I brought some away from there with me—I mean I brought some away in a bottle. * * * On the way down from the square to Second and Dutton Streets, I had enough liquor. * * * Speaking about the whisky I testified about bringing away from Rich Field in the bottle and what became of it, I drank some of it, and gave some of it away. I drank some of it after I got out of Mr. Jimmie's car. * * * I was pretty well intoxicated that night, and I wanted to go to another crap game." The testimony showed that appellant got out of a car driven by the injured party, and, according to the testimony of said injured party, said: "By G—d, I am going to kill you," and began firing. Some of the bullets went through the car, and the injured party was shot a little below the heart. Appellant testified he did not know how many times he shot, and that he did not intend to shoot in the direction of the injured party. Other witnesses testified that appellant seemed to be under the influence of intoxicating liquor. We do not think the action of the trial court in giving the charge referred to was any error under the circumstances, nor do we believe it to have in any way militated

against the defense. We note that appellant introduced a witness who testified to seeing the shooting, and that shortly after it was over appellant came to where witness was and said: "The damn nester tried to start something."

We have examined the facts with a view of determining their sufficiency to support the conclusion of guilt, and are impressed that there are enough facts in the record to justify the jury's conclusion. While apparently the injured party tried to shield appellant, and in talking with different people said the shooting was an accident, there appears very little indication in the actual facts to support this proposition. For a man to shoot a pistol a number of times in the direction of another from whose car he had just alighted, which action was preceded by the statement "G—d d—n you, I will kill you," and who presently says to another party "The damn nester tried to start something," seems to relieve the case of any appearance of being an accident.

The judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.